UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SHAWN FINNEY, *pro se*, :
: **<u>SUMMARY ORDER</u>**
Plaintiff, :
: 10-CV-0052 (DLI)(LB)
-against- :
:
AMERICAN BROKERS CONDUIT, :
GREGORY LOCKRIDGE, and :
HELEN BLANK, :
:
Defendants. :
-------------------------------------------------------x
DORA L. IRIZARRY, United States District Judge:

On January 20, 2010, plaintiff filed this *pro se* civil action, along with a motion for an Order to Show Cause for preliminary injunction and temporary restraining order, seeking to stay the sale and transfer of property located in Brooklyn, New York. On January 27, 2010, the court denied this motion as plaintiff failed to demonstrate a likelihood of success on the merits or make a showing of immediate or irreparable harm. Upon review of plaintiff's amended motion for leave to proceed *in forma pauperis* (Docket Entry No. 7), leave is granted pursuant to 28 U.S.C. § 1915 for the purposes of this Order. However, for the reasons discussed below, the action is dismissed without prejudice for lack of subject matter jurisdiction, and plaintiff is granted leave to replead.

Plaintiff resides at 303 Gates Avenue (the "property"), in Brooklyn, New York, which appears to have gone into foreclosure. His complaint alleges fraud perpetuated by the defendants with respect to this property. Specifically, he alleges that defendant Lockridge obtained a mortgage to purchase the property from defendant American Brokers Conduit for $1,000,000.00, even though the property has an actual value of only $300,000.00. (Compl. ¶ 3). Lockridge then apparently defaulted on the property, which is to be sold at an upcoming auction by defendant

1

Blank, the referee. (*Id.*) Plaintiff seeks monetary damages in the amount of $1,000,000.00 and an equitable interest in the property. (*Id.* at 4.)

In reviewing the complaint, the court is mindful that because plaintiff is proceeding *pro se,* his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citations omitted); *see also McEachin v. McGuinnis*, 357 F.3d 197 (2d Cir. 2004). However, "[u]nder the Federal Rules, if a court 'determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.'" *Voss v. United States*, 2010 WL 106645, at *1 (2d Cir. Jan. 13, 2010) (citing FED. R. CIV. P. 12(h)(3)). The statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. "A plaintiff properly invokes § 1331 jurisdiction when []he pleads a colorable claim arising under the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (internal quotation marks omitted). A plaintiff properly invokes § 1332 jurisdiction when he "presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount." *Id.* For the purposes of § 1332, "diversity must be 'complete,' *i.e.*, all parties on plaintiffs' side must be diverse from all parties on defendants' side." *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 584 (2005) (citations omitted).

Here, there is no § 1332 jurisdiction as plaintiff and two of the defendants are domiciled in New York. (*See* Compl. 3–4.) Thus, plaintiff may only invoke federal subject-matter jurisdiction by pleading "a colorable claim arising under the Constitution or laws of the United States." *See Arbaugh*, 546 U.S. at 513. However, nothing in the complaint references either the Constitution or the laws of the United States. While plaintiff did submit a hand-written letter with the words "Truth in Lending Act" underlined (*see* Letter from Pl. dated January 26, 2010 (Docket Entry No. 4) at 2), simply "cloaking" a claim in the "garb" of federal law is "insufficient

. . . to confer federal jurisdiction." *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989); *see also id.* at 5 n.10 ("Federal courts are relieved of their duty to exercise jurisdiction over [federal] questions when the claim asserted is deemed so attenuated and unsubstantial as to be absolutely devoid of merit, obviously frivolous, plainly unsubstantial, or no longer open to discussion.") (citations and internal quotations marks omitted).

Accordingly, the complaint is dismissed *sua sponte* for lack of subject-matter jurisdiction. *See Voss*, 2010 WL 106645, at *1. However, in deference to his *pro se* status, entry of judgment on the dismissal is stayed and plaintiff is granted thirty (30) days from the date of this Order to replead his claim or provide the court with an alternate basis for jurisdiction. If plaintiff fails to do so, judgment dismissing the complaint shall enter. Plaintiff is cautioned that, because his complaint appears to sound in fraud, it must: "(1) specify the statements that [he] contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993); *see also* FED. R. CIV. P. 9(b). Plaintiff is further cautioned that it is unclear from his complaint whether he was, or is, an owner or co-owner of the property, or merely a resident, and his standing to contest its sale is therefore in question.

For plaintiff's convenience, "Instructions on How to Amend a Complaint" are attached. Plaintiff must use the same docket number currently assigned to this case in any repleading. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.


Dated: Brooklyn, New York
      March 30, 2010


                                              /s/
                                  DORA L. IRIZARRY
                              United States District Judge