UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SHAWN FINNEY, *pro se*,

                      Plaintiff,

              -against-

AMERICAN BROKERS CONDUIT,
GREGORY LOCKRIDGE, and
HELEN BLANK,

                      Defendants.
-------------------------------------------------------x

**SUMMARY ORDER**

10-CV-0052 (DLI)(LB)

DORA L. IRIZARRY, United States District Judge:

      By Summary Order dated March 30, 2010, the court dismissed this action *sua sponte* for lack of subject matter jurisdiction. *See generally Finney v. American Brokers Conduit*, 2010 WL 1268075 (E.D.N.Y. Mar. 30, 2010). However, in deference to plaintiff's *pro se* status, entry of judgment was stayed for thirty days to allow him to replead his claim or provide an alternate basis for jurisdiction. On April 20, 2010, plaintiff filed an amended complaint. (Docket Entry No. 9.) For the reasons set forth below, the amended complaint fails to cure the jurisdictional defect, and this action is dismissed in its entirety.

      "If a court perceives at any state of the proceedings that it lacks subject matter jurisdiction, then it must take proper notice of the defect by dismissing the action." *Cave v. E. Meadow Union Free School Dist.*, 514 F.3d 240, 250 (2d Cir. 2008); *see also* FED. R. CIV. P. 12(h)(3). Plaintiff's original complaint provided no basis for either diversity or federal question jurisdiction. *See Finney*, 2010 WL 1268075, at *1. The mere invocation of the words "equal protection" and "fundamental due process" in plaintiff's amended complaint is insufficient to establish the latter. *See Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989).

      Notwithstanding the lack of jurisdiction, the court remains unclear as to what precisely plaintiff intends with the instant action. To the extent he seeks to overturn a state court

proceeding regarding a foreclosure, this court lacks the power to do so. *See, e.g.*, *Ashy v. Kolinsky*, 328 F. App'x 20, 21 (2d Cir. May 6, 2009) (affirming dismissal where plaintiff's "underlying injury . . . was the foreclosure on her property caused by the state court order"); *see also Webster v. Wells Fargo Bank, N.A.*, 2009 WL 5178654, at *5 (S.D.N.Y. Dec. 23, 2009) (no federal subject matter jurisdiction because claim was merely an attack on foreclosure proceeding). To the extent plaintiff seeks to have a state court judgment enforced, his remedy lies with the court that issued the judgment.[1] Finally, to the extent he alleges some type of fraud, plaintiff has completely disregarded the court's specific instructions as to what his amended complaint must contain in order to make such a claim cognizable. *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993).

In sum, plaintiff's amended complaint simply reiterates the allegations contained in the original complaint, and fails to make any factually based non-conclusory claims for fraud. In addition, plaintiff's amended complaint fails to provide this Court with an alternate basis for jurisdiction. Accordingly, the action is dismissed in its entirety. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
October 5, 2010

/s/
DORA L. IRIZARRY
United States District Judge

---

[1] This also applies to plaintiff's filing of May 28, 2010 (Docket Entry No. 11), which appears to be a motion for a court order declaring him to be the lawful owner of the property in question.